```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


MATTHEW MISCZAK, ET AL.          §
                                 §
VS.                              §     ACTION NO. 4:10-CV-739-Y
                                 §
CHASE HOME FINANCE, LLC          §
```

<u>ORDER GRANTING MOTION TO DISMISS</u>

Pending before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, for More Definite Statement (doc. 12) filed by defendant Chase Home Finance, LLC ("Chase"). After review of the motion, related briefs, Plaintiffs' First Amended Complaint, and applicable law, the Court concludes that the motion should be granted.

## I. <u>Facts</u>

Plaintiffs Matthew Misczak, Robert Timpone, and Michelle Timpone filed this suit in state court alleging that Chase violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; Regulation Z, 12 C.F.R. § 226, which implements TILA; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* Plaintiffs also allege claims for fraud in a real-estate transaction and negligent misrepresentation. They seek damages, injunctive relief and a declaratory judgment.

Plaintiffs' amended complaint alleges that Misczak is the owner of certain real property located at 8820 Sunset Trace Drive, Keller, Texas 76248, having acquired the property on February 16, 2005, from the Timpones by general warranty deed. The property is subject to

<u>ORDER GRANTING MOTION TO DISMISS</u> - Page 1
TRM/chr

a note payable to American Western Mortgage Company of Colorado ("AWMC") by the Timpones in the original principal amount of $129,950, which is secured by a deed of trust. According to the complaint, Chase now claims to be the holder of the note, the beneficiary of the deed of trust, and the servicer of the note.

Plaintiffs contend that, "based on the performance of a preliminary review of the loan documents and closing documents," AWMC violated TILA, Regulation Z, and RESPA by failing to provide the Timpones with "required disclosure statements and other disclosures." (Pls.' First Am. Compl. 3-4, ¶ 13-14.) Plaintiffs also contend that AWMC made oral and written misrepresentations to the Timpones to induce them into entering into the note and deed of trust, in contravention of section 27.01 of the Texas Business and Commerce Code. Plaintiffs further contend that these violations and misrepresentations were apparent on the face of the loan documents, thus rendering Chase liable when it became holder of the note and deed of trust. Chase seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all of Plaintiffs' claims for failure to state a claim for relief.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. Analysis

1. TILA

Chase initially contends that it is clear from the face of Plaintiffs' amended complaint that their TILA claims are barred by

the applicable statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Under TILA, a claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The violation 'occurs' when the transaction is consummated." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). The note and deed of trust at issue herein appear to have been executed on August 30, 2001.[1] Plaintiffs' original petition was not filed in state court, however, until August 25, 2010. Thus, Plaintiffs' TILA claims are barred by the statute of limitations.

Plaintiffs contend that they are entitled to the benefit of equitable tolling. In order to benefit from tolling of the limitations period, however, "a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, [the plaintiff] was unable to discover that conduct." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)(citations omitted). Plaintiffs wholly fail to allege any facts suggesting that Chase, or, for that matter, AWMC, purposefully

---

[1] Chase has submitted copies of the note and deed of trust as exhibits to its motion to dismiss. "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994)); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("'[d]ocuments a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

concealed anything from them. Nor have Plaintiffs alleged any facts tending to demonstrate that they have acted with diligence to discover the alleged violations. Rather, they merely assert, in conclusory fashion, that they "did not discover, and could not be expected to discover [AWMC's and Chase's violations] until they conveyed the [p]roperty to [p]laintiff Misczak." (Pls.' First Am. Compl. 6, ¶ 24.) Plaintiffs do not explain this statement, however, and it is unclear to the Court why, with the exercise of due diligence, Plaintiffs could not have discovered the allegedly missing disclosures prior to expiration of the applicable limitations period. Thus, the Court concludes that Plaintiffs' TILA claim is barred by limitations.

Furthermore, Plaintiffs have wholly failed to state sufficient facts in their complaint suggesting that they have a plausible TILA claim against Chase. Not only are Plaintiffs' factual allegations nonexistent regarding exactly what disclosures were allegedly withheld, Plaintiffs also wholly fail to state any facts tending to suggest that the alleged TILA violations were "apparent on the face of the disclosure statement," as is required to impose liability on an assignee of a creditor. 15 U.S.C. § 1641(a). Consequently, the TILA claim will be dismissed.

2. RESPA

Similarly, Plaintiffs RESPA claim is deficient. Defendants again initially contend that Plaintiffs' RESPA claim is barred by the applicable statute of limitations. Claims brought pursuant to RESPA must be brought within either one or three years, depending upon the statutory provision that is claimed to be violated. *See* 12 U.S.C.

§ 2614. The one-year limitations period applies to claims brought under RESPA sections 2607 (regarding kickbacks and unearned fees) and 2608 (regarding requiring title insurance on federally related loans), and the three-year period applies to claims brought under section 2605 (regarding notices of assignment, sale, or transfer of loan servicing). Plaintiffs wholly fail to specify in their amended complaint which portion of RESPA they contend Chase violated. In any event, Plaintiffs' claim under any of these sections of RESPA is clearly time-barred. Plaintiffs again attempt to invoke the doctrine of equitable tolling, but wholly fail to allege any facts demonstrating that their invocation of that doctrine might be justified. Consequently, the Court concludes that Plaintiffs' RESPA claim should be dismissed.

3. Fraud in a Real-Estate Transaction

Invoking section 27.01 of Texas's Business and Commerce Code, Plaintiffs allege that AWMC made false representations of past or existing material facts to the Timpones that they relied on and that induced them into executing the loan and acquiring the property. *See* TEX. BUS. & COMM. CODE ANN. § 27.01 (West 2009). Section 27.01 applies, however, only to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W. 3d 605, 611 (Tex. App.--Waco 2000, pet. denied). "'A loan transaction, even if secured by land, is not considered to come under the statute.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Burleson State Bank*, 27 S.W. 3d at 611). Consequently, because

Plaintiffs have failed to allege facts suggesting that Chase fraudulently induced them to participate in a transaction for the transfer of real estate, this claim must be dismissed.

4. Negligent Misrepresentation

Again, Chase seeks dismissal on limitations grounds. A claim for negligent misrepresentation is governed by a two-year statute of limitations. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiffs admit that the alleged misrepresentations occurred when the Timpones executed the note and deed of trust. (Pls.' Am. Compl. [doc. 8] 9, ¶ 33.) Because suit was filed more than nine years after execution of these documents and, thus, AWMC's alleged making of misrepresentations, Plaintiffs' claim is time-barred. Furthermore, Plaintiffs again wholly fail to allege any facts tending to demonstrate that Chase, as opposed to AWMC, made material misrepresentations to them. And Plaintiffs' have proffered no basis upon which to impute AWMC's alleged misrepresentations to Chase. Consequently, this claim should be dismissed as well.

5. Declaratory Judgment and Injunctive Relief

The federal declaratory judgment act is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Thus, the act provides no relief unless there is a justiciable controversy between the parties. *See id.* As stated by the Fifth Circuit,

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in

the future.  Based on the facts alleged, there must be a
substantial and continuing controversy between two adverse
parties.  The plaintiff must allege facts from which the
continuation of the dispute may be reasonably inferred.
Additionally, the continuing controversy may not be
conjectural, hypothetical, or contingent; it must be real
and immediate, and create a definite, rather than
speculative threat of future injury.
    Past exposure to illegal conduct does not in itself
show a present case or controversy regarding injunctive
relief . . . if unaccompanied by any continuing, present
adverse effects.  To obtain equitable relief for past
wrongs, a plaintiff must demonstrate either continuing harm
or a real and immediate threat of repeated injury in the
future.  Similar reasoning has been applied to suits for
declaratory judgment.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).  Plaintiffs have twice failed to allege any specific facts suggesting that there is a present controversy between Plaintiffs and Chase or the threat of future injury.

## III. Conclusion

For the foregoing reasons, Chase's Motion to Dismiss Plaintiffs' First Amended Complaint (doc. 12) is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE to their refiling.

SIGNED January 18, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE